# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROY WILLIAMS,<br><br>Defendant. | Case No. CR11-0013<br><br>ORDER FOR PRETRIAL DETENTION |

On the 25th day of January, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Aaron Lightfoot. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

## RELEVANT FACTS

On January 12, 2011, Defendant Roy Williams was charged by Indictment (docket number 2) with two counts of distribution of crack cocaine within 1,000 feet of a school. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on March 21, 2011.

Cedar Rapids Police Officer Bryan Furman testified regarding the circumstances underlying the instant charge. In October 2008, Cedar Rapids police officers conducted two controlled purchases of crack cocaine from Defendant. In the first controlled purchase, on October 2, 2008, a confidential informant ("CI") contacted Defendant by phone, and set up a meeting to buy crack cocaine from Defendant. At the meeting, the CI purchased crack cocaine from the Defendant. The second controlled purchase, on October 22, 2008, followed the same procedure. The phone calls arranging the transactions were

1

recorded, the CI and his/her vehicle were searched before and after the meeting, and the transaction was surveilled.

According to the pretrial services report, Defendant is 60 years old. He was born in Tennessee, but has lived in Cedar Rapids, Iowa, for the past 47 years. He is currently single, but had a marriage that ended in divorce. Defendant has three adult children from his former marriage. Each of these children reside in Cedar Rapids. He also has an adult son from another relationship who lives in Cedar Rapids. Defendant has four siblings and four half-siblings. Six of his eight brothers and sisters live in Cedar Rapids.

Defendant has been unemployed since mid-December 2010. Prior to his unemployment, Defendant worked for his cousin as a roofer from October 2010 to December 2010. Prior to working as a roofer, he was employed by CCB Packaging in Cedar Rapids, from February 2010 to October 2010. Defendant also indicated that for the past several years, he has supported himself by doing "odd jobs," such as painting and concrete construction.

Defendant is in good physical health. He has no past or present mental health or emotional concerns. Defendant reported that he is not a "big-drinker," but admitted that he has been arrested for public intoxication multiple times. According to Defendant, he has used marijuana "infrequently" since age 17. He stated that he might use marijuana "once a week or once a month." Defendant also admitted being a regular user of crack cocaine since age 38. He last used crack cocaine on the day of his arrest, and crack cocaine was found in his possession at that time.

Defendant has an extensive criminal record. On August 31, 1968, Defendant was charged with armed robbery, and placed at the Iowa Training School for Boys. On May 22, 1971, at age 20, Defendant was discharged from the Iowa Training School for Boys. Between 1973 and 1978, Defendant was convicted of several minor charges.

On March 9, 1987, Defendant was charged and later convicted of assault causing bodily injury. On January 13, 1988, Defendant was charged and later convicted of second degree theft. He initially received a deferred judgment on the theft charge, and was given

2 years probation. On April 14, 1989, however, Defendant's probation was revoked, and he was sentenced to 5 years in prison. He was paroled on October 3, 1989. His parole was revoked and he was placed in the Violator's Program on November 9, 1989. On November 29, 1989, Defendant was returned to parole. On the same date, he was charged and later convicted of delivery of a controlled substance. On January 19, 1990, Defendant's parole was revoked on the theft charge and he was sentenced to 10 years in prison on the new charge of delivery of a controlled substance. He was paroled again on March 29, 1991. His parole was revoked, and he was placed in the Violator's Program on April 24, 1991. On June 7, 1991, he was returned to parole. On August 3, 1992, his parole was revoked for a fourth time. On October 7, 1993, he was placed on work release. On January 21, 1994, Defendant was paroled. On October 6, 1994, while on parole, Defendant was charged and later convicted of interference with official acts. He was sentenced to 25 days in jail. Defendant was discharged from parole on January 20, 1995.

In 1995, Defendant was convicted of possession of drug paraphernalia twice and driving with a suspended license twice. On two of those charges, Defendant failed to appear for his initial appearance. An arrest warrant was issued and served in both instances.

On March 28, 1996, Defendant was charged and later convicted of assault causing bodily injury. On April 30, 1996, Defendant was charged and later convicted of delivery of a controlled substance.[1] On November 7, 1996, Defendant was sentenced to 10 years in prison. On December 18, 1997, Defendant was charged and later convicted of a controlled substance violation.[2] On February 19, 1998, Defendant was sentenced to 10 years in prison on the controlled substance violation charge. On September 1, 1999, Defendant was placed on work release. He was paroled on January 25, 2000. On April

---

[1] The actual offense involved with this charge occurred on October 20, 1995.

[2] The actual offense involved with this charge occurred on August 23, 1996 while Defendant was on pretrial release on the April 1996 delivery of a controlled substance charge.

3

20, 2000, while on parole, Defendant was charged and later convicted of possession of drug paraphernalia. He was sentenced to 7 days in jail. On September 1, 2000, also while on parole, Defendant was charged with domestic abuse assault without intent to cause bodily injury. This charge was dismissed in December 2000. On January 10, 2001, Defendant was charged and later convicted of possession of drug paraphernalia. He was sentenced to 3 days in jail. On November 28, 2001, Defendant's parole was revoked. On November 8, 2002, Defendant was paroled with immediate discharge.

On January 25, 2003, Defendant was charged and later convicted of possession of drug paraphernalia. The next day, on January 26, Defendant was charged and later convicted of possession of a controlled substance, third or subsequent offense. Between March 11, 2003, and May 17, 2003, while on pretrial release, Defendant was charged with disorderly house, possession of a controlled substance, possession of drug paraphernalia, and two charges of domestic abuse assault. On the possession of controlled substance charge, Defendant failed to appear for his arraignment. An arrest warrant was issued and later served on Defendant. He was sentenced to 2 days in jail. On August 1, 2003, Defendant was sentenced to 5 years in prison on the January 2003 possession of a controlled substance, third or subsequent offense, charge. On June 24, 2004, Defendant was placed on work release. On December 9, 2004, Defendant was paroled. On April 4, 2005, his parole was revoked. On November 24, 2005, Defendant's sentence was discharged.

On May 16, 2006, Defendant was charged and later convicted of assault causing bodily injury. He was sentenced to 5 days in jail. On August 18, 2006, Defendant was charged and later convicted of possession of drug paraphernalia and trespass. On October 24, 2006, Defendant was again charged and later convicted of possession of drug paraphernalia.

On March 27, 2007, Defendant was charged and later convicted of possession of a controlled substance.[3] He was sentenced to 9 days in jail. On August 21, 2007, Defendant was charged and later convicted of possession of a controlled substance, third or subsequent offense. He was sentenced to 45 days in jail. On May 6, 2008, Defendant was charged and later convicted of assault, use/display of a weapon. He was sentenced to 7 days in jail. On April 18, 2009, Defendant was charged and later convicted of domestic abuse assault. He was sentenced to 7 days in jail. Also in 2009, Defendant was charged and later convicted twice of possession of drug paraphernalia, and twice of consumption/intoxication. On November 26, 2010, Defendant was charged and later convicted of possession of drug paraphernalia.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will

---

[3] Defendant was originally charged with possession of a controlled substance, third or subsequent offense, but pled guilty to the amended offense of possession of a controlled substance.

5

reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with two counts of distribution of crack cocaine within 1,000 feet of a school, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with two counts of distribution of crack cocaine within 1,000 feet of a school. The weight of the evidence against Defendant is strong. The instant charges against Defendant are based on separate two controlled purchases in October 2008. Both controlled purchases involved the use of a CI. In both instances, the CI called Defendant and set up a meeting to purchase crack cocaine from the Defendant. At two separate meetings, the CI purchased crack cocaine from Defendant. Law enforcement recorded the telephone conversations between Defendant and the CI setting up the meetings. Law enforcement also had surveillance on the meetings and drug purchases.

In addition to distributing crack cocaine, Defendant continued to use crack cocaine until the date of his arrest in 2011. Defendant has a history of drug-related offenses, including three prior drug felony convictions. He also has a history of violent behavior. Furthermore, Defendant has repeatedly shown an inability to comply with probation, parole, and pretrial release. If convicted of the offenses charged in the Indictment, Defendant faces the possibility of a mandatory life sentence in prison. Based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (January 21, 2011) to the filing of this Ruling (January 25, 2011) shall be excluded in computing the time

within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 25 day of January, 2011.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA